IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| LILLIAM RIVERA-FREYTES, | |
|---|---|
| **Plaintiff**, | |
| v. | **CIVIL NO.** 11-1735 (FAB) |
| COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| **Defendants**. | |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Guillermo Somoza-Colombani's ("defendant" or "Somoza") motion for a protective order requesting that, because he is a high government official[1] who, absent extraordinary circumstances, he should not be subjected to discovery for his official actions. (Docket No. 88.)  For the reasons set forth below, defendant Somoza's motion for a protective order is **DENIED without prejudice**.

### DISCUSSION

**I.  Procedural Background**

On July 28, 2011, plaintiff filed a complaint alleging gender discrimination and sexual harassment pursuant to Title VII, 42 U.S.C. § 2000 ("Title VII") and 42 U.S.C. § 1983 ("section 1983"). (Docket No. 14 at ¶¶ 111, 115, & 119.)  She alleges two constitutional violations associated with defendants' actions: the

---

[1] Defendant Somoza is the Attorney General of Puerto Rico.

Civil No. 11-1735 (FAB)                                                      2

denial of equal protection and the deprivation of a property interest without due process of law pursuant to the Fourteenth Amendment of the United States Constitution. Id. at ¶¶ 115 & 119. She is suing the defendants in their individual capacities for damages. Id. at ¶¶ 3-8. Plaintiff also asserts that the Court has supplemental jurisdiction over her claims pursuant to Puerto Rico statutes, the Civil Code and the Puerto Rico Constitution.[2] Id. at ¶¶ 122-39.

On August 10, 2012, defendant Somoza filed his motion for a protective order. (Docket No. 88.) On August 27, 2012, plaintiff Rivera filed an opposition (Docket No. 89) and another response on September 5, 2012 (Docket No. 94.) Defendant Somoza filed a reply to the plaintiff's response on the same date. (Docket No. 95.) In addition, also on September 5, 2012, defendant Somoza filed a motion to strike plaintiff's second response in opposition to defendant Somoza's motion for protective order, (Docket No. 94). (Docket No. 96.)

**II.  Factual Background**

The Court provides a brief overview of the facts, taken from the complaint and its previous opinion on defendant Somoza's motion

---

[2] Plaintiff brings claims pursuant to the following laws of Puerto Rico: Law 17, P.R. Laws Ann., tit. 29, Section 155; Law 80, P.R. Laws Ann., tit. 29, Section 185; and pursuant to article 1802 of the Civil Code, P.R. Laws Ann., tit. 31, Section 5141. In addition, plaintiff alleges that defendants violated Article II of the Constitution of Puerto Rico. (Docket No. 1 at ¶¶ 28-139.)

Civil No. 11-1735 (FAB)                                                3

to dismiss, (Docket No. 99), and will provide more details as needed.

Plaintiff Rivera was formerly employed by the Department of Justice of the Commonwealth of Puerto Rico ("PR DOJ"). (Docket No. 1 at p. 1.)  Rivera was an agent for the Witness Protection Program ("WPP"), which is overseen by the PR DOJ's "Negociado de Investigaciones Especiales" ("NIE"). Id. at p. 2.  The former director of the WPP was defendant Edwin Carrion-Soto ("Carrion"). Id. Plaintiff alleges that defendant Carrion sexually harassed and assaulted her. Id.  Plaintiff argues that defendant Somoza, who was and continues to be the Attorney General, and the other defendants[3] knew about defendant Carrion's "past criminal conduct and pervasive pattern of sex discrimination," as well as that defendant Carrion had sexually harassed and assaulted Rivera. Id. at ¶ 3.

Specifically, plaintiff argues that defendant Somoza retained and appointed defendant Carrion as director of the WPP even though he knew about defendant Carrion's past history with sexual harassment. Id. at ¶¶ 12-13.  Furthermore, defendant Somoza allegedly knew about the incidents when defendant Carrion sexually

---

[3] In addition to defendant Somoza, plaintiff also brings claims against defendant Victor Carbonell ("Carbonell"), Director of the NIE and defendant Carrion's direct supervisor; defendant Arleene Gardon ("Gardon"), Deputy Director of the NIE; defendant Albert Grajales ("Grajales"), Special Assistant or Assistant to defendant Somoza; and defendant Armando Sanchez ("Sanchez"), a NIE employee and the Inspector of Public Integrity.

Civil No. 11-1735 (FAB)                                                      4

harassed plaintiff and other females at the WPP but did nothing about it.  Id. at ¶¶ 48, 54, 71, & 72.  Finally, plaintiff alleges that defendant Somoza received phone calls from defendant Grajales and plaintiff about the sexual harassment but did not respond to those calls.  Id. at ¶¶ 54 & 81-82.

**III. Legal Analysis**

    **A.  Defendant's Motion to Strike**

Defendant Somoza argues that plaintiff's second response to his motion for a protective order should be stricken from the record.  (Docket No. 96.)  Plaintiff's second response was filed immediately prior to defendant Somoza's reply to plaintiff's response.  (Docket Nos. 95 & 96.)  Therefore, the Court assumes that this second response was an updated version of plaintiff's first opposition to defendant Somoza's motion for a protective order.  (Docket Nos. 89 & 95.)  While it is true that plaintiff failed to seek leave from the Court to file a second or updated response, the Court rejects the defendant's argument that this failure merits striking the entire document from the record. Garcia-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 19 (1st Cir. 2005) (quoting United States v. Diaz-Vallafañe, 874 F.2d 43, 46 (1st Cir. 1989) (internal quotation marks omitted) ("In general, it is for the district court to determine what departures from its rules may be overlooked.")  Defendant Somoza admits that he had two more days left on the deadline set by the Court to file his own

Civil No. 11-1735 (FAB)                                                 5

reply.  (Docket No. 96 at ¶ 5.)  He could have used that time to address all of the arguments set out by the plaintiff in both of her responses, but chose not to do it.  Therefore, the Court **DENIES** defendant Somoza's motion to strike plaintiff's second response to his motion for protective order, (Docket No. 94).

    **B.**    **The Motion for a Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(c), the district court may grant a protective order from discovery for "'good cause shown.'" Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007) (quoting Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996)).  The First Circuit Court of Appeals has stated repeatedly that the district court has broad discretion over discovery matters; an appellate court will "intervene in [those] matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party."  Id. (internal citation and quotation marks omitted); see also Braga v. Hodgson, 605 F.3d 58, 59 (1st Cir. 2010) (internal citation and quotations omitted) (discussing how the trial judge has "considerable discretion" in dealing with discovery matters).

In Bogan, the First Circuit Court of Appeals also held that, absent extraordinary circumstances, the use of high ranking government officials as witnesses should be limited.  Bogan, 489

Civil No. 11-1735 (FAB)                                                    6

F.3d at 423.  The Bogan court reasoned that those officials have "'greater duties and time constraints than other witnesses'" and, therefore, should not spend an excessive amount of time dealing with litigation matters.  Id. (quoting In re United States (Kessler), 985 F.2d 510, 512 (11th Cir. 1993)).  The Bogan court also indicated, however, that "this limitation is not absolute." Id. at 423.  A high ranking official may still testify or be deposed (1) if he or she has "first-hand knowledge related to the claim being litigated," and (2) if the necessary information may not be obtained from other sources.  Id. (internal citations omitted).

     Defendant Somoza argues that he should not be subjected to discovery for his official actions because plaintiff fails to show the extraordinary circumstances necessary to subject him to litigation matters.  (Docket No. 88 at p. 1.)  He argues that plaintiff fails to show that the discovery will produce concrete admissible evidence pertinent to the case and that defendant Somoza has first-hand knowledge of issues for which discovery would be needed.  Id. at p. 4.  Even if defendant Somoza has any relevant information, he argues that plaintiff has failed to show that she cannot obtain the requested information from other persons; he argues that plaintiff has not tried "any other method to seek such information."  Id.  Defendant Somoza further alleges that "other avenues of discovery" may provide plaintiff information regarding

Civil No. 11-1735 (FAB)                                                    7

defendant Somoza's knowledge about the alleged incidents with defendant Carrion.  (Docket No. 95 at p. 4.)

Plaintiff argues, however, that defendant Somoza has "unique personal knowledge" about the facts of this case and that such information cannot "reasonably be obtained from other sources."  Plaintiff contends that only defendant Somoza can expound on the criteria that he used to retain defendant Carrion and on his failure to supervise defendant Carrion properly.[4]  (Docket No. 94 at pp. 7 & 8.)  Next, plaintiff argues that only defendant Somoza can testify to his alleged knowledge about defendant Carrion's sexual harassment of females at the WPP office.  Id. at pp. 7-8.  She states that defendant Somoza interviewed some of female witnesses in the WPP who are not available for plaintiff to interview or to depose because they are protected witnesses.  Id. at 8.  Furthermore, plaintiff alleges that only defendant Somoza can speak to his rationale when deciding to which allegations he would respond and what actions he would take.  Id. at p. 9.

---

[4] Defendant Somoza has submitted a copy of defendant Carrion's appointment letter with a translation, (Docket Nos. 35-1 & 40-1). The appointment letter indicates that defendant Carrion was appointed by defendant Somoza's predecessor, former Attorney General Antonio Sagardia, and not defendant Somoza himself. Therefore, the Court will limit this argument to the period of time after defendant Somoza took office, which neither party has alleged or shown yet.

Civil No. 11-1735 (FAB)                                                    8

The Court finds that while defendant Somoza probably has first-hand knowledge about issues related to the claim that is being litigated, plaintiff has failed to show at this time that the information she seeks cannot be obtained from other sources. It is clear from plaintiff's complaint that defendant Somoza has partially delegated his authority relating to the management of WPP to some of the other defendants. For example, plaintiff states that defendant Carbonell is defendant Carrion's direct supervisor, defendant Grajales is a special assistant to defendant Somoza, and defendant Sanchez is the Inspector of Public Integrity. (Docket No. 1 at ¶¶ 5-8.) These defendants are close aides of defendant Somoza who can be deposed and can "shed light" on defendant Somoza's involvement regarding plaintiff's alleged complaints of sexual harassment. Bogan, 489 F.3d at 424 (finding that a district court did not abuse its discretion in issuing a protective order to prevent deposition of a mayor when plaintiff could have – but failed to - pursue discovery from the mayor's aides, who "could have clarified the Mayor's role"). The other defendants and other persons might be able to provide some clarification to defendant Somoza's rationale about responding to sexual harassment allegations. Furthermore, plaintiff admits that several of the defendants were also present when the female witnesses in the WPP were interviewed, and discussed defendant Carbonell's sexual harassment with plaintiff. (Docket No. 1 at ¶¶ 48, 52, 54, 71.)

Civil No. 11-1735 (FAB)                                                    9

Plaintiff also admits that Somoza's assistant, defendant Grajales, conducted his own interviews of female witnesses and employees at the WPP. Id. at ¶ 54. While plaintiff might not be able to obtain information from the witnesses themselves, she can turn to defendant Grajales to determine what he discovered in his interviews of the witnesses. Therefore, plaintiff must seek information from these defendants first before seeking information from defendant Somoza. Bogan, 489 F.3d at 424 ("It was therefore incumbent on the Bogans to seek information from [the mayor's aides] before turning to the Mayor.)

Given that plaintiff has served her first set of interrogatories and a request for production of documents as to all defendants, (Docket No. 96 at p. 1), the Court finds that it is premature to decide whether defendant Somoza is entitled to a protective order. The plaintiff must first attempt to request information about defendant Somoza's involvement from all of the other defendants. If the plaintiff finds that she cannot obtain the necessary information from other sources, she may then serve defendant Somoza with the appropriate discovery requests and defendant Somoza may again move for a protective order, if necessary. Therefore, while the Court finds that defendant Somoza has no responsibility to respond to plaintiff's discovery requests now, he may have to respond to plaintiff if she can show that the necessary information cannot be gleaned from other sources. Thus,

Civil No. 11-1735 (FAB)                                                                          10

the Court **DENIES** defendant Somoza's motion for a protective order without prejudice.

**VI.  Conclusion**

For the reasons expressed, the Court **DENIES** defendant Somoza's motion for a protective order without prejudice.  Defendant Somoza does not have to respond to plaintiff's discovery requests now.  If plaintiff can show that she has attempted to seek the requested information from the other defendants without avail, she may then seek the information from defendant Somoza.  At that point, defendant Somoza may move again for a protective order, if necessary.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 4, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE